IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH LEE DAVIS, | : | 1:11-cv-2219 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| H.L. HUFFORD, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM**

**March 6, 2012**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 11), filed on February 10, 2012, which recommends that this petition for writ of habeas corpus be granted and that this matter be remanded to the Disciplinary Hearing Officer at FCI-Schuylkill with instructions to view previously unexamined evidence or provide a further, reasoned explanation regarding why the evidence will not be viewed, considered or disclosed. Neither Petitioner nor Respondent have filed objections to the R&R and

the time to do so has lapsed.¹   For the reasons set forth below, the Court will adopt the R&R.

I.   **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

---

¹ Objections were due by February 27, 2012.

## II.     DISCUSSION

*Pro se* Petitioner Joseph Lee Davis ("Petitioner" or "Davis") filed this 28 U.S.C. § 2241 petition for writ of habeas corpus challenging a prison incident report issued to him and sanctions imposed upon him by the Disciplinary Hearing Officer ("DHO") at FCI-Schuylkill.  The discipline against Davis arose out of the discovery of a destroyed/altered mattress in Davis' cell.[2]  From the moment he was confronted about the mattress through the disciplinary hearing, Davis maintained that the mattress was in the altered and destroyed condition when he was first assigned to his cell in April, 2009.  Nonetheless, Davis was written up for the destruction of the mattress and the charge was referred to the DHO for further proceedings.  During the disciplinary hearing, Davis made a series of specific and detailed requests for information which would have enabled him to prove that he did not destroy or damage these mattresses, but rather received them in a damaged state.[3]

Davis alleges that prison officials never considered these requests for exculpatory information, and the Respondent has provided nothing suggesting that the requests were ever addressed, examined or fully considered.  Instead, on April

---

[2] The mattress was cut from one side to the other and secured together with tape.  Stuffed inside the cut mattress was a second mattress.

[3] To wit, Davis asked for cell search logs and video surveillance logs, as well as any reports of a missing mattress from his housing unit.

27, 2010, the DHO conducted a hearing and concluded that Davis had committed the infraction of damaging and altering prison property.  Specifically, in finding Davis guilty, the DHO report asserted that: "Inmates are responsible for their immediate living areas.  Int his case DAVIS is responsible for his mattress (bunk area) that he is assigned to."  The DHO report is notably silent concerning Davis' specific requests for exculpatory information.  Davis was sanctioned to thirty days in disciplinary segregation, a six month loss of commissary privileges, a twenty-seven day disallowance of good conduct time, and monetary restitution in the amount of $220.20.

In the R&R, Magistrate Judge Carlson notes that, while inmates in the disciplinary contexxt are not afforded the full panoply of rights that a criminal defendant enjoys, *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), a recognized set of minimum procedural protections applies to prison disciplinary proceedings. These include the right to: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety or correctional goals, to call witnesses and present documentary evidence as part of a defense; and (3) written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action.  *Id*. at 563-67.  The Supreme Court has also held that an "inmate facing disciplinary proceedings should be permitted to call witnesses and present

documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Ordinarily, the right to present evidence is basic to a fair hearing." *Id*. at 566. While the Supreme Court in *Wolff* plainly stated that the inmate's right to present evidence may be curtailed, the Supreme Court has also conceded that prison officials may not exercise this discretion in a vacuum, without at some time providing some supporting justification for refusing to consider evidence proffered by evidence. *Ponte v. Real*, 471 U.S. 491, 497 (1985). Thus, in this context, due process requires an adequate explanation of a refusal to examine potentially exculpatory evidence, and does not permit a wholly unexplained refusal to examine such evidence.

In addition, federal regulations prescribe procedural standards for DHO decision-making. Particularly relevant here is the requirement that the DHO provide an affirmative obligation to provide some explanation when he/she declines to consider potentially exculpatory proof requested by an inmate. *See* 28 C.F.R. § 541.17(c). In this setting, prison disciplinary officials "may not arbitrarily refuse to consider exculpatory evidence simply because other evidence in the record suggests guilt." *See Whitford v. Boglino*, 63 F. 3d 527, 536 (7th Cir 1995).

Based on this framework, Magistrate Judge Carlson concludes that Davis has made a sufficient showing that he was not afforded sufficient due process such that

this matter should be remanded to the DHO for consideration of potentially exculpatory evidence, namely the cell search logs, the video surveillance logs, and any reports of a missing mattress in Davis' housing unit, <u>or</u> for a reasoned explanation regarding why this evidence will not be viewed, considered or disclosed.  We agree entirely with the Magistrate Judge's recommendation of a limited remand under the circumstances of this case.  We further agree with Magistrate Judge that by remanding this matter to the DHO we are not intimating what the ultimate outcome of this re-examination should be, but simply hold that in this case, where an inmate timely requested review of potentially exculpatory evidence, it was error to deny this request without any explanation.

As we have already mentioned, neither the Petitioner nor the Respondent have filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.